William E. MITCHELL, Appellant,

v.

STATE of Missouri, Respondent.

No. 60704.

Missouri Court of Appeals,
Eastern District,
Division One.

July 7, 1992.

Daniel E. Nack, St. Charles, for appellant.

Donna L. Offner, Asst. Pros. Atty., St. Charles, for respondent.

GARY M. GAERTNER, Judge.

Appellant, William Ernest Mitchell, appeals his conviction in the Circuit Court of St. Charles County for failure to register a motor vehicle with the Department of Revenue, for which he was fined $15.00 plus court costs. We reverse.

Appellant is an automobile dealer in St. Charles, doing business under the name E. Mitchell Auto Sales. On October 19, 1990, appellant's business acquired title to a 1986 Chevrolet Suburban, formerly owned by Sharon Kirn. The vehicle had been registered by Ms. Kirn through November, 1990.

On April 4, 1991, at about 9:00 a.m., Trooper William M. Topp of the Missouri Highway Patrol, Troop C, pulled appellant over for having expired license plates. Appellant was driving the above Suburban with a boat and trailer attached. When Trooper Topp noticed appellant's dealer plate on the dashboard, he informed appellant that towing a loaded trailer was impermissible for an automobile bearing a dealer's plate. After a semi-polite disagreement about how dealer's plates can and cannot be used, Trooper Topp cited appellant for failure to register his vehicle with the Department of Revenue.

At trial, a plethora of evidence was adduced and arguments made regarding permissible uses for a dealer's license plate. We must disregard all of this evidence and argument because appellant was not charged with improper use of a dealer's plate, nor was he charged with driving while his plates were expired. Appellant was charged and found guilty only of failing to register the car with the Department of Revenue, and we may only review the evidence pertaining to that offense.

RSMo § 301.560.3 (Supp.1989) provides, in relevant part:

> The issuance of such distinctive dealer license number or certificate of number shall be in lieu of registering each motor vehicle, trailer, vessel or vessel trailer dealt with by a boat dealer, boat manufacturer, manufacturer or motor vehicle dealer.

In light of the above statutory provision, appellant is not required to register any vehicle he holds for sale with the Department of Revenue. It is undisputed on the record before us that appellant held the 1986 Suburban for sale; therefore, appellant cannot be found guilty of the instant offense.

Reversed.